### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL T. DELORENZO, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-CV-01699 |
| v. | (MEHALCHICK, M.J.) |
| BRAIN BUGLIO, et al., | |
| Defendants. | |

### MEMORANDUM

Presently before the Court are two motions to dismiss filed by Defendant Borough of West Hazelton (the "Borough") in this matter. (Doc. 23; Doc. 45). First, the Borough filed a motion to dismiss Plaintiff Paul T. Delorenzo's ("Delorenzo") amended complaint on November 22, 2021. (Doc. 23). The Borough also filed a motion to dismiss Defendant Brain Buglio's ("Buglio") crossclaim in the amended complaint on May 25, 2022. (Doc. 45). In his amended complaint, Delorenzo brings a claim for First Amendment retaliation against the Borough and Buglio (collectively, "Defendants"). (Doc. 20, at 6-7). In his amended answer, Buglio brings a crossclaim for statutory indemnification under 42 PA. C.S.A. § 8548. (Doc. 43, at 7). For the reasons provided herein, the Borough's motions to dismiss shall be **GRANTED**. (Doc. 23; Doc. 45).

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Delorenzo filed the original complaint in this matter on October 4, 2021, against Defendants. (Doc. 1). On October 25, 2021, the Borough filed its first motion to dismiss the complaint and Buglio filed an answer to the complaint, crossclaim against the Borough, and counterclaim against Delorenzo on October 26, 2021. (Doc. 9; Doc. 11). On November 10,

2021, Delorenzo filed an amended complaint and on November 12, 2021, Buglio filed an answer to the amended complaint, crossclaim against the Borough, and counterclaim against Delorenzo.[1] (Doc. 20; Doc. 22). On November 22, 2021, the Borough filed its second motion to dismiss the complaint and its first motion to dismiss Buglio's crossclaim. (Doc. 24). On May 12, 2022, Buglio filed an amended answer, crossclaim against the Borough, and counterclaim against Delorenzo.[2] (Doc. 43). On May 25, 2022, the Borough filed a second motion to dismiss Buglio's crossclaim. (Doc. 45).

In his amended complaint, Delorenzo asserts a claim for First Amendment retaliation. (Doc. 20, at 6-7). Delorenzo claims that while Buglio was the Chief of Police for the West Hazleton Police Department (the "Police Department"), Delorenzo posted social media content criticizing Buglio and the Police Department. (Doc. 20, at 3). On March 4, 2020, Delorenzo met with Buglio at the Police Department and Buglio threatened to pursue meritless felony charges against Delorenzo in retaliation for the social media posts. (Doc. 20, at 4). Delorenzo agreed to remove the social media posts and refrain from posting anything of a similar nature. (Doc. 20, at 4). On May 27, 2021, Buglio was charged with violating 18 U.S.C. § 242 as a result of the events that took place on March 4, 2020, and pleaded guilty to

---

[1] The Court notes that Delorenzo filed an amended complaint on November 10, 2021, after the Borough filed a motion to dismiss the original complaint on November 10, 2021, and the Borough filed a subsequent motion to dismiss the amended complaint on November 22, 2021. (Doc. 9; Doc. 20; Doc. 24). As such, the Borough's motion to dismiss the original complaint shall be **STRUCK as MOOT**. (Doc. 9).

[2] The Court notes that Buglio filed an amended answer, crossclaim, and counterclaim on May 12, 2022, after the Borough filed its first motion to dismiss the crossclaim on November 22, 2021, and the Borough filed a subsequent motion to dismiss the amended crossclaim on May 25, 2022. (Doc. 24; Doc. 43: Doc. 45). As such, the Borough's first motion to dismiss the crossclaim shall be **STRUCK as MOOT**. (Doc. 24).

the charges on June 22, 2021. (Doc. 20, at 4-5). Delorenzo further outlines multiple violations by Buglio including rape allegations, excessive force allegations, and corruption. (Doc. 20, at 5-6). Delorenzo seeks compensatory damages, costs of litigation, and punitive damages. (Doc. 20, at 7).

In his crossclaim against the Borough, Buglio brings a claim for statutory indemnification under 42 PA. C.S.A. §8548. (Doc. 43, at 7). Buglio states that the indemnification provision of the Political Subdivision Tort Claims Act ("PSTCA") "applies to any judgment, state or federal, that may be rendered against an employee while acting within the scope of his employment." (Doc. 43, at 7). Buglio argues that he is being sued individually and in his official capacity by Delorenzo, that "[he] provided written notice to [the Borough] . . . seeking the provision of legal assistance and statutory indemnification by and through [the Borough]," and that if he is found liable to Delorenzo, "[the Borough] is liable over to [Buglio] who would be entitled to statutory indemnity under the [PSTCA]." (Doc. 43, at 7-8).

The current motions pending before the Court are two motions to dismiss filed by the Borough. (Doc. 23; Doc. 45). The Borough filed a motion to dismiss Delorenzo's amended complaint on November 22, 2021, and filed a corresponding brief in support on December 3, 2021. (Doc. 23; Doc. 26). Delorenzo filed a brief in opposition to the Borough's motion to dismiss his complaint on December 6, 2021, and the Borough filed a reply brief on December 20, 2021. (Doc. 28; Doc. 33). The Borough filed a motion to dismiss Buglio's crossclaim on May 25, 2022, and a corresponding brief in support the same day. (Doc. 45; Doc. 46). On August 8, 2022, Buglio filed a brief in opposition to the Borough's motion to dismiss his crossclaim and the Borough filed a reply brief on August 18, 2022. (Doc. 52; Doc. 53). The

- 3 -

motions are now ripe for disposition. (Doc. 23; Doc. 45).

II.     **LEGAL STANDARDS**

    A.  MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint are true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B. CLAIMS BROUGHT UNDER 42 U.S.C. § 1983

In the amended complaint, Delorenzo invokes 42 U.S.C. § 1983. (Doc. 20, at 1). Section 1983 provides a private cause of action with respect to violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Thus, to state a § 1983 claim, a plaintiff must demonstrate that: (1) the defendants, acting under color of state law, (2) deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). Further, it is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka*, 481 F.3d at 210 (citations and quotations omitted).

III.   **DISCUSSION**

In support of dismissal of Delorenzo's amended complaint, the Borough argues that the amended complaint should be dismissed because Delorenzo fails to allege a claim under *Monell*. (Doc. 26, at 4-5). Additionally, the Borough states that Delorenzo's claim for punitive damages against it must be dismissed as "[p]unitive damages are not recoverable against municipalities, municipal entities, and local officials in their official capacity." (Doc. 26, at 6). Finally, the Borough contends that it cannot "be held liable over for conduct of Buglio." (Doc. 26, at 6-7). In response, Delorenzo states that he has alleged that the Borough "has had a policy of encouraging constitutional violations by Buglio by failing to take action against him, when it had knowledge of prior sets of incidents." (Doc. 28, at 3). Further, Delorenzo states that the Borough's immunity from punitive damages has been waived by the Political Subdivision Tort Claims Act (the "PSTCA") wherein it contains an indemnification clause "that might serve to shift any potential liability for punitive damages to the Borough." (Doc. 28, at 6). Finally, Delorenzo argues that because a set of facts exist that would hold the Borough liable under § 1983, it is "obligated to indemnify Buglio for his punitive damage liability pursuant to the [PSTCA]." (Doc. 28, at 7).

In its motion to dismiss Buglio's crossclaim, the Borough argues that Buglio's crossclaim fails to assert a claim for indemnification under Pennsylvania state law as it is premature. (Doc. 46, at 3-4). Additionally, the Borough argues that Buglio was not acting in the course and scope of his employment when he allegedly violated Delorenzo's constitutional rights. (Doc. 48, at 6). In response, Buglio argues that a judgment is not a prerequisite to hold a local agency liable for indemnification and that the complaint alleges that Buglio was acting within the course and scope of his employment. (Doc. 48, at 6).

A. *Monell* Liability

In the motion to dismiss, the Borough states that Delorenzo fails "to establish a policy custom or practice to support Monell liability or any causal relationship between a policy, custom or practice and the alleged violation." (Doc. 26, at 4). Specifically, the Borough argues that Delorenzo outlines a series of "attenuated and unproven individual incidents involving Buglio" in an attempt to demonstrate a policy, custom, or practice by the Borough. (Doc. 26, at 4).

Under *Monell v. New York Dept. of Social Servs.*, the Supreme Court held that "municipalities and other local government units [are] included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978); *see also Huffaker v. Bucks Cty. Dist. Atty.'s Office*, No. 88-7218, 1990 WL 96175, at *1 (E.D. Pa. July 3, 1990) ("For § 1983 purposes, local governments, whether they be counties, boroughs or municipalities, are subject to the same test for liability [pursuant to *Monell*]."). To establish liability under *Monell*, a plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, and establish "a causal link" between the policy or custom and the constitutional injury alleged. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The municipal policy or custom must either be unconstitutional itself or be the "moving force" behind the constitutional deprivation. *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted). Causation can be established either by demonstrating that the policy or custom is facially unconstitutional or "by demonstrating that the municipal action was taken with deliberate indifference as to its known or obvious consequences." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). "Policy is made when 'a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' 'issues an

official proclamation, policy, or edict.'" *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original). A custom is made when the practices of state officials, though not authorized by law, are "so permanent and well settled" as to have the effect of law. *Andrews*, 895 F.2d at 1480.

After a review of Delorenzo's amended complaint, the undersigned finds that it does not adequately allege that the Borough's actions against him were the result of a municipal policy or custom. In the amended complaint, Delorenzo alleges that the Borough "has had a policy of encouraging constitutional violations by Buglio by failing to take action against him, when it had knowledge of prior sets of incidents." (Doc. 20, at 5; Doc. 28, at 3). Delorenzo outlines three allegations of constitutional violations by Buglio including an allegation of rape, a claim of excessive force, and an instance of corruption. (Doc. 20, at 5-6). Delorenzo concludes by stating that Buglio resigned in May of 2021, but was rehired as police chief on June 28, 2021, by the Borough. (Doc. 20, at 6)

Based on the pleadings before the Court, Delorenzo has failed to state a claim for municipal liability against the Borough. The amended complaint does not set forth allegations that the Borough undertook any act pursuant to an official municipal policy of some nature that caused a constitutional violation. *Kirk v. Wyoming Cty. Corr. Facility*, No. 1:CV-11-00665, 2011 WL 6742521, at *6 (M.D. Pa. Dec. 22, 2011) (dismissing claims against a county because petitioner failed to allege anything more than an isolated incident of alleged unconstitutional activity by a county employee). Further, Delorenzo's factual averments do not plausibly establish that any alleged unconstitutional custom may be attributed to the Borough, as opposed to some other actor or entity. *See Tarapchak v. Lackawanna Cty.*, 173 F. Supp. 3d 57, 84 (M.D. Pa. 2016). Specifically, two of the three incidents alleged did not occur

- 8 -

while Buglio was employed by the Borough and none of the alleged previous constitutional violations involve an allegation of First Amendment retaliation as is asserted in this case. (Doc. 20, at 5-6). Delorenzo has merely alleged an isolated incident of alleged unconstitutional activity that cannot be imputed to the Borough itself. *Tuttle*, 471 U.S. at 823-24 (stating proof of isolated act insufficient to impose liability under *Monell*). Thus, the amended complaint does not demonstrate that Delorenzo is entitled to relief against the Borough as he has failed to establish liability through a policy under *Monell*.

For these reasons, the Borough's motion to dismiss Delorenzo's amended complaint shall be granted.[3] (Doc. 26).

B. Statutory Indemnification

The Borough argues that the PSTCA does not "suggest that a plaintiff in an underlying cause of action may directly seek indemnification from the defendant's employer." (Doc. 26, at 6). The Borough contends that Delorenzo lacks standing and "his request to hold [the borough] liable over for Buglio's conduct must be dismissed." (Doc. 26, at 7). In response to Buglio's crossclaim, the Borough argues that Buglio fails to assert a claim for indemnification under Pennsylvania state law. (Doc. 46, at 3). Specifically, the Borough contends that the application of 42 Pa. C.S.A. § 8548(a) is improper as there has not been a judicial determination in this case. (Doc. 46, at 4). Further, the Borough argues that Buglio was not acting in the course and scope of his employment when he allegedly violated Delorenzo's constitutional rights. (Doc. 48, at 6). Delorenzo argues that because a set of facts exist that would hold the Borough liable under § 1983, it is "obligated to indemnify Buglio for his

---

[3] As the Court finds that Delorenzo has failed to state a claim against the Borough, it declines to address the Borough's argument regarding punitive damages. (Doc. 26, at 6).

punitive damage liability pursuant to the [PSTCA]." (Doc. 28, at 7). Buglio argues that a judgment is not a prerequisite to hold a local agency liable for indemnification and that the complaint alleges that Buglio was acting within the course and scope of his employment. (Doc. 48, at 6).

> The PSTCA provides in pertinent part:
>
> When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.
>
> 42 Pa. C.S.A. § 8548(a).

"The purpose of the statute 'is to permit local agency employees to perform their official duties without fear of personal liability, whether pursuant to state or federal law, so long as the conduct is performed during the course of their employment.'" *Johnson v. City of Erie, Pa.,* 834 F. Supp. 873, 877–78 (W.D. Pa. 1993) (quoting *Wiehagen v. Borough of North Braddock,* 594 A.2d 303, 306 (1991) ("*Wiehagen 1*")); *see also Mosley v. Pollock*, 629 A.2d 971, 973 (Pa. Super. Ct. 1993).

In the amended complaint, Delorenzo states that "[i]f . . . Buglio is found liable to [Delorenzo, the Borough] is liable over to [Buglio] who would be entitled to statutory indemnification under the [PSTCA]." (Doc. 21, at 7). In his crossclaim, Buglio states that "[i]f [he] is found liable to [Delorenzo] . . . [the Borough] is liable over to [him and he] would be entitled to statutory indemnity under the [PSTCA]." (Doc. 43, at 8). Buglio further states that he is being sued in his individual and official capacity and that he provided written notice to the Borough. (Doc. 43, at 7).

- 10 -

First, Delorenzo lacks standing to assert an indemnification claim against the Borough. *See Stewart v. Borough*, No. 06-CV-05543-LLD, 2007 WL 9813033, at *3 (E.D. Pa. May 3, 2007). The indemnification provision in 42 Pa. C.S.A. § 8548(a) "is not intended to guarantee payment for an injured plaintiff." *Stewart*, 2007 WL 9813033, at *3. "As such, the plaintiff in the underlying action does not have standing to seek indemnification from the municipality." *Stewart*, 2007 WL 9813033, at *3 (citing *Best v. Keenan*, No. 03-3651, 2004 WL 3186305, at *2 (E.D. Pa. Oct. 14, 2004) ("[I]t remains abundantly clear that plaintiff does not have any legal entitlement to compel the City . . . to satisfy the judgment against [an]officer."); *Johnson*, 834 F. Supp. at 877 (interpreting *Wiehagen* and stating, "the Act is not meant to provide a cause of action for a plaintiff in an underlying action")); *see also Means v. City of McKeesport*, No. 11-1092, 2012 WL 6552835, at *8 (W.D. Pa. Nov. 19, 2012) ("[E]ven if [Defendant] may eventually seek indemnification from the Municipal Defendants should damages be awarded against him, Plaintiff may not maintain state tort claims against the Municipal Defendants based solely upon the PSTCA indemnity provision."). Thus, Delorenzo's indemnification claim shall be dismissed with prejudice. *See Talley v. Trautman*, No. 96-5190, 1997 WL 135705, at *6-*7 (E.D. Pa. Mar. 13, 1997).

Second, such claims under the PSTCA are premature. "The duty to indemnify under [the PSTCA] arises once there is a judgment determining that an act of the employee caused the injury. There has been no such judicial determination here." *Murray v. Zarger*, 566 A.2d 645, 647 (Pa. Commw. Ct. 1989). Buglio cites *Wiehagen v. Borough of North Braddock*, stating that a judgment is not necessarily a prerequisite to hold a local agency liable for indemnification. (Doc. 52, at 5-6); 559 A.2d 991, 993 (Pa. Commw. Ct. 1989) ("*Wiehagen 2*"). However, *Wiehagen 2* was written following a trial and jury verdict against the Borough's

employee. *Wiehagen 2*, 559 A.2d at 992. Further, in a subsequent opinion the Supreme Court of Pennsylvania specified that "because there is a *judgment* against [the employee] arising from conduct within the scope of his employment, the Borough is liable to indemnify [the employee]." *Wiehagen 1*, 594 A.2d at 306 (emphasis added). Thus, the Court is not convinced that a judgment is not required before a local agency may be liable for indemnification. *See Muray*, 566 A.2d at 647. Buglio's crossclaim against the Borough shall be dismissed without prejudice to any duty of indemnification that the Borough may owe to Buglio under the PSTCA. *See Johnson*, 834 F. Supp. at 878; *see also Schutz v. Honick*, No. 2:10-cv-832, 2012 WL 393501, at *6 (W.D. Pa. Feb. 6, 2012) (finding that indemnification under the PSTCA was premature, in part because it had "not yet been 'judicially determined' that the officers committed an act for which the duty to indemnify [was] triggered").

IV.     **LEAVE TO AMEND**

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103,108 (3d Cir. 2022). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). As such, Delorenzo shall be given the opportunity to file a second amended complaint that is complete in all respects and cures the pleading deficiencies identified herein. Specifically, Delorenzo is granted amendment to assert a claim under *Monell* against the Borough. The second amended complaint must be a unified pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

V.   <u>CONCLUSION</u>

For the foregoing reasons, the Borough's motions to dismiss are **GRANTED**. (Doc. 23; Doc. 45). The claims against the Borough for indemnification are **DISMISSED**, however Buglio's claim for indemnification is **DISMISSED WITHOUT PREJUDICE** to refiling at the appropriate time and Delorenzo's claim for indemnification is **DISMISSED WITH PREJUDICE**. Delorenzo's claim against the Borough is **DISMISSED WITHOUT PREJUDICE**, with leave to amend. The Court grants Delorenzo leave to file a second amended complaint within thirty (30) days of the corresponding Order. Additionally, the Borough's original motions to dismiss are **STRUCK as MOOT**. (Doc. 9; Doc. 24).

An appropriate Order follows.


**Dated: August 26, 2022**                    *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **Chief United States Magistrate Judge**